UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MILTON AL STEWART**, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **LEGEND CLASSIC IRVINGTON CAFÉ, INC.**, an Indiana corporation; **JOHN ROBERTSON**, an individual; and **KIM ROBERTSON**, an individual, <br><br> Defendants. | Civil action no.: 21-cv-541 |

# COMPLAINT

Plaintiff, **MILTON AL STEWART**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants **LEGEND CLASSIC IRVINGTON CAFÉ, INC.**, an Indiana corporation, **JOHN ROBERTSON**, an individual, and **KIM ROBERTSON**, an individual, from violating the provision of section 6 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (hereinafter, the "Act"), pursuant to section 17 of the Act; and to recover unpaid minimum wage and tips owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by §§ 16(c) and 17 of the Act and 28 U.S.C. § 1345.

## II

(A) Defendant **LEGEND CLASSIC IRVINGTON CAFÉ, INC.** (hereinafter **LEGEND CLASSIC**"), is and, at all times hereinafter mentioned, was an Indiana corporation with an office located at 5614 East Washington Street, Indianapolis in Marion County, Indiana 46219, within the jurisdiction of this Court. **LEGEND CLASSIC** is and, at all times hereinafter mentioned, was engaged in operating a restaurant and related types of activities.

(B) Defendant **JOHN ROBERTSON** is and, all times hereinafter, was an owner of **LEGEND CLASSIC**. At all times hereinafter mentioned, **JOHN ROBERTSON** is and was engaged in business within Marion County, acting directly or indirectly in the interest of **LEGEND CLASSIC** in relation to its employees. **JOHN ROBERTSON,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of **LEGEND CLASSIC**.

(C) Defendant **KIM ROBERTSON** is and, all times hereinafter, was an owner of **LEGEND CLASSIC**. At all times hereinafter mentioned, **KIM ROBERTSON** is and was engaged in business within Marion County, acting directly or indirectly in the interest of **LEGEND CLASSIC** in relation to its employees. **KIM ROBERTSON,** an employer within the meaning of 29 U.S.C. § 203(d), exercises operational control over the business, supervises employees, determines pay practices, and has the authority to hire and fire employees of **LEGEND CLASSIC**.

## III

Defendant **LEGEND CLASSIC** is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of § 3(r) of the Act.

## IV

Defendant **LEGEND CLASSIC** is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

## V

Defendants violated the provisions of §§ 6 and 15(a)(2) of the Act by paying servers at a rate less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked. Specifically, Defendants took a tip credit of $2.25 per hour and paid a cash wage of $5.00 per hour to servers. Defendants required servers to pool tips and improperly distributed a portion of servers' tips to cooks and dishwashers, employees who do not customarily and regularly receive tips within the meaning of § 3(t) of the Act. 29 U.S.C. § 203(t). Because Defendants included cooks and dishwashers in the tip pool, the tip pool was invalid and Defendants could not avail themselves of a tip credit under § 3(m) of the Act. 29 U.S.C. § 203(m) Because Defendants could not claim the tip credit and paid servers only $5.00 per hour, Defendants failed to pay minimum wage in violation of § 6 of the Act.

VI

Defendants violated § 3(m)(2)(B) of the Act by requiring servers to participate, in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, in an invalid tip pool that improperly distributed a portion of servers' tips to cooks and dishwashers, employees who do not customarily and regularly receive tips within the meaning of § 3(t) of the Act. 29 U.S.C. § 203(t). Because Defendants used servers' tips in a prohibited manner, Defendants violated § 3(m)(2)(B) of the Act.

VII

During the period since January 9, 2018, Defendants have repeatedly violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and improperly utilized tips found by the Court to be due to present and former employees under the Act is expressly authorized by § 17 of the Act.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A.      For an Order pursuant to § 17 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

B.      For an Order:

1.      pursuant to § 16(c) of the Act, finding Defendants liable for unpaid minimum wage compensation due Defendants' employees, for reimbursement of improperly utilized tips, and for liquidated damages equal in amount to the unpaid compensation found due their employees listed

in the attached Exhibit A (additional back wages, tips, and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

    2. pursuant to § 17 of the Act, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and improperly utilized tips found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

  C. For an Order awarding Plaintiff the costs of this action; and

  D. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: March 8, 2021          Respectfully submitted,

                  **ELENA S. GOLDSTEIN**
                  Deputy Solicitor of Labor

                  **CHRISTINE Z. HERI**
                  Regional Solicitor

                  ELISABETH NOLTE
                  Digitally signed by ELISABETH NOLTE
                  Date: 2021.03.08 08:48:40 -06'00'

                  **ELISABETH NOLTE**
                  Trial Attorney

P.O. ADDRESS:
U.S. Department of Labor
Office of the Solicitor
230 S. Dearborn St., Suite 844
Chicago, Illinois 60604        Attorneys for **MILTON AL STEWART**,
Telephone No.: 312/353-7837      Acting Secretary of Labor, United States
Facsimile No.: 312/353-5698       Department of Labor, Complainant
E-mail Address: nolte.elisabeth.p@dol.gov

## **EXHIBIT A**

Ancelet, Erin
Bland, Shelby
Cronyn, Kevin
Dexter, Alex
Frenchette, Rebecca
Garcia, Kristin
Highbaugh, Ebony N.
Hilton, Stephanie
Hoeferie, Samuel
Inscho, Kacey
Knorr, Lucy
Komoscar, Noah
Nolan, Rebekah
Purvis, Mackenzie
Riedman, Rachel
Robb, Madeline
Robertson, Emma
Schneider, Jordan
Schuppe, Ashley
Shelton, Christopher
Shough, Julie
Spears, Sarah
Sult, Wendy
Weaver, Brianna
Webb, Tashema
Weber, Julia
Winzeler, Anna
Wood, Bryan