UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**, Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) | No. 21-cv-541-JMS-DML |
| vs. ) ) ) | Hon. Jane Magnus-Stinson District Judge |
| **LEGEND CLASSIC IRVINGTON CAFÉ, INC.**, an Indiana corporation; **JOHN ROBERTSON**, an individual, and **KIM ROBERTSON**, an individual, ) ) ) ) ) | Hon. Debra McVicker Lynch Magistrate Judge |
| Defendants. ) | |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Legends Classic Irvington Café, Inc. ("Legend Classic"), an Indiana Corporation, John Robertson, individually, and Kim Robertson, individually, (collectively "Defendants") have appeared by counsel and agree to the entry of this Consent Order and Judgment without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and Defendants, and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of §§ 3(m)(2)(B), 6, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 203(m)(2)(B), 206, and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendant, its agents, officers or employees shall not, contrary to section 15(a)(3) of the Act, threaten, retaliate, or discriminate in any way against any current or former employee of Defendant for exercising any rights under the FLSA, including, but not limited to, employee complaints regarding FLSA compliance made to Defendant or to the Wage and Hour Division of the United States Department of Labor, or cooperation with an investigation or litigation conducted by the Plaintiff.

3. Defendants shall comply with the FLSA at all current and future establishments in the State of Indiana.

4. Defendants represent and warrant that they no longer have any ownership, management, or controlling interest in any operating restaurant. Defendants represent and warrant

that Legend Classic was closed in April 2021. For a period of five years, Defendants shall update the Wage and Hour Division, Indianapolis District Office any time they obtain an ownership, management, or controlling interest in a restaurant or there is a change to such interest.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendant Legend Classic in the total amount of $56,000.

5.   The Secretary shall recover from Defendant Legend Classic the sum of $28,000 in unpaid minimum wage compensation and restored tips, as a back wage payment, covering the period from January 2018 to January 2020 for Defendants' current and former employees whose names are listed in the attached Exhibit A, and the additional sum of $28,000 in liquidated damages.

a. At the time of Defendants' execution of this Consent Order and Judgment, Defendants shall deliver payment in the amount of $56,000 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

b. Defendants shall also furnish to the Secretary the full name, last known address, last known phone number, and social security number for each employee named in Exhibit A.

c. Upon receipt of full payment from Defendants, representatives of the Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of § 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wage payment distributed by the Secretary.

d. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Order and Judgment. Any such amount shall be immediately paid to the Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

e. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

f. The provisions of this Consent Order and Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

6. By entering into this Consent Order and Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

7. Except for these proceedings, matters arising out of these proceedings, and any other subsequent proceedings between the parties, none of the preceding agreements, statements, findings, and actions taken by Defendants shall be deemed an admission by Defendants of the allegations in the Secretary's Complaint. The agreements, statements, findings, and actions taken herein are made for the purpose of resolving this matter in an amicable manner, and they shall not be used for any other purpose, except as stated previously.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended., 27.

Date: 1/18/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Entry of this judgment
is hereby consented to by:

LEGEND CLASSIC
IRVINGTON CAFÉ, INC.

By: *[signature]*
Its: PRESIDENT

*[signature]*
JOHN ROBERTSON, individually

*[signature]*
KIM ROBERTSON, individually

*[signature]*
MATTHEW S. TARKINGTON
Lewis Kappes, P.C.
One American Square, Ste. 2500
Indianapolis, Indiana 46282
317-639-1210
MTarkington@lewis-kappes.com
Bar No. 23773-49
*Attorney for Defendants*

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

*[signature]*
ELISABETH NOLTE
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-7837
nolte.elisabeth.p@dol.gov
Bar No. 6321218 (IL)

*Attorneys for Plaintiff MARTIN J. WALSH,
Secretary of Labor, United States Department
of Labor*